IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF/RESPONDENT

VS.                              Case No. 05-CV-4012 &
                                 Case No. 4:96CR40003

KENNETH EDWARD STUART                          DEFENDANT/MOVANT

## ORDER

Before the Court is the Report and Recommendation filed May 19, 2005 by the

Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of

Arkansas.   (Doc. 99)  Stuart has timely filed his objections to the Report and Recommendation.

(Doc. 101)  Stuart is currently an inmate in the FCI - Texarkana, Texas serving a 15-year

sentence for knowingly making a false statement to a firearm dealer in violation of 18 U.S.C. §

922(a)(6) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Stuart

seeks to attack his sentence under 28 U.S.C. § 2255.

On July 15, 1996, a jury convicted Stuart on these two counts.  This Court imposed the

sentence on January 14, 1997.  Stuart appealed the convictions and sentences.  The Eighth

Circuit Court of Appeals affirmed the convictions and sentences.  *U. S. v. Stuart*, 150 F.3d 935

(8thCir.1998).

This is Stuart's second § 2255 motion attacking his sentences.  Stuart filed his first

motion[1] on April 15, 1999.  This Court appointed counsel and held an evidentiary hearing.  On

April 13, 2000, this Court adopted the Magistrate Judge's Report and Recommendation and

---

[1]  Doc. 59.

denied Stuart's motion.[2]  This Court also denied Stuart a certificate of appealability.[3]  The

Eighth Circuit denied Stuart's subsequent application for a certificate of appealability.[4]  Stuart

filed a petition for writ of certiorari in the Supreme Court of the United States, but the Supreme

Court denied his writ on March 18, 2002.  *Stuart v. U. S.*, 535 U.S. 941 (2002).

Judge Shepherd recommends this Court dismiss the motion without prejudice and allow

Stuart to re-file his motion if he obtains an order from the Eighth Circuit.  A second or

successive § 2255 motion must be authorized by the appropriate court of appeals before a

district court can consider the motion.  *Rodgers v. U. S.*, 229 F.3d 704 (8thCir.2000).  Judge

Shepherd also states an evidentiary hearing is unnecessary.  After reviewing the record *de novo*,

the Court adopts the Report and Recommendation as its own.

In his objections, Stuart argues the Supreme Court's recent decisions of *U. S. v. Booker*,

____ U.S. ____, 125 S.Ct. 738 (2005) and *U. S. v. Blakely*, 542 U.S. 296, 124 S.Ct. 2531 (2004)

apply retroactively to his sentence.  Stuart argues this Court sentencing him as a "career

offender" violates *Blakely* and *Booker* and he should have his sentence reduced "roughly" by

117 months.  The Supreme Court limited its holding in *Booker* to cases on direct review.

*Booker*, ____ U. S. at ____, 125 S.Ct. at 729.  Stuart's case was not on direct review on January

12, 2005, the day the Supreme Court decided *Booker*.  The Supreme Court's holding in *Booker*

is not a criminal procedural rule of watershed magnitude, and therefore a motion to vacate, set

aside, or correct a sentence enhanced on basis of facts not established by a guilty plea or jury

---

[2]  Doc. 86.

[3]  Doc. 92.

[4]  Doc. 94.

verdict, in violation of the Supreme Court's subsequent decision in *Booker*, is properly denied,

where the conviction became final before *Booker* was announced. *Never Misses A Shot v. U. S.*,

413 F.3d 781 (8thCir.2005). Since *Booker* does not apply retroactively to Stuart's sentence, the

Court finds Stuart's § 2255 motion should be and hereby is dismissed without prejudice. Stuart

may re-file his motion if he obtains the necessary order from the United States Court of Appeals

for the Eighth Circuit. The Court also finds an evidentiary hearing is unnecessary.

      IT IS SO ORDERED, this 16th day of August, 2005.



                /s/ Harry F. Barnes

                Hon. Harry F. Barnes
                U.S. District Court